## EZRA ·CURTIS *versus* JEREMIAH CURTIS.

Upon a writ of review, the former judgment cannot be reversed, in whole or in part; but, if wrong, the plaintiff in review will have judgment to recover back the money erroneously recovered in the first suit; or, if right, the defendant in review will recover his costs of review, and may execute his former judgment, if not already satisfied.

Where the first judgment has been satisfied by a levy upon real estate, the levy is valid, and conveys a good title, although afterwards, on review, the original defendant recovers a judgment against the original plaintiff for a sum equal to the whole amount of the first judgment.

WRIT OF ENTRY. . ON AN AGREED STATEMENT OF FACTS.

The demandant claimed title as follows:—Bailey Curtis, by deed dated May 27, 1850, conveyed the premises to Bailey Curtis, jr., and Bailey Curtis, jr., by deed dated March 15, 1858, conveyed them to the demandant.

The following is the title of the tenant:—Bailey Curtis sued out a writ of attachment against Bailey Curtis, jr., December 13, 1852, by virtue of which the premises were attached, judgment was rendered in the suit, March term, 1853, against Bailey Curtis, jr., for $1012,11, execution issued, and levied on the premises, March 29, 1853, in legal form, and duly returned and recorded, and the premises were not redeemed by the judgment debtor. On March 17, 1855, Bailey Curtis by deed of warranty conveyed the premises to the tenant.

Bailey Curtis, jr., petitioned for a review of the aforesaid action, at the August term, 1854, and, at November term, 1857, obtained judgment against Bailey Curtis for the full amount of the former judgment in favor of the latter, with costs of review.

On these facts the full Court were to enter such judgment as the legal rights of the parties may require.

*W. W. Virgin,* for the demandant.

The only question is, whether a levy can be sustained after

the judgment on which it was based has been reversed on review.

The action was commenced when the R. S., of 1841, were in force, but the judgment in review was rendered after the revision of 1857 had taken effect. This is deemed immaterial, as change of phraseology is not to be construed as a change of the law, unless the Legislature evidently intended a change. *Hughes* v. *Farrar*, 45 Maine, 72. Chapter 89, of 1857, is, therefore, regarded as equivalent to c. 124, of 1841, as touching this case.

A writ of review brings the original case, in which judgment has been rendered, again before the Court for trial; and the judgment on review is the only final judgment, the former judgment being vacated. Judgment on review is to be rendered "without any regard to the former judgment," and the case "disposed of as if it were an original suit." § 9, of each statute above cited.

The effect of granting a review is analogous to an appeal from the judgment of a justice of the peace. The appeal vacates the judgment. *Atkins* v. *Wyman*, 45 Maine, 399. The analogy continues through subsequent proceedings. The plaintiff opens his case, and produces his proof, "as if it were an original suit," and judgment is rendered, as the "merits of the case, upon law and evidence, require, without any regard to the former judgment." The former judgment being vacated by the subsequent proceedings, the latter judgment takes its place as the final judgment.

There are two descriptions of cases excepted in the statutes. One where the original plaintiff recovers a sum for debt or damages which is reduced by the judgment on review; the other where he recovers an increased sum.

The case at bar does not come within these exceptions. The judgment recovered by the plaintiff cannot be considered "reduced" when he recovers nothing. Nor is the judgment in this case "increased" on review.

If the original judgment was not vacated by the *granting* of the review, it was by the judgment in review, and the for-

mer judgment became a nullity, and the latter "was substituted for it." *Dunlap* v. *Burnham*, 38 Maine, 112.

*W. W. & S. A. Bolster*, for the defendant.

A review is a statutory mode of trying an action the second time. The original suit and the action of review may be considered as cross actions between the same parties. *Ely* v. *Forward*, 7 Mass., 25.

If, on petition, a review is granted, the case is to be tried as if there had been no former trial, and "disposed of as if it were an original suit." Stat., 1857, c. 89, § 8.

The analogy between a review and an appeal from a justice of the peace does not hold to the final proceedings. In the latter case, the judgment of the justice is vacated, and cannot be enforced, even if an appeal is not entered. But the judgment in a suit is complete and final at its rendition, although afterwards reviewed. Execution can only be stayed by order of court. The original judgment cannot be reversed, either in whole or in part; but a new judgment must be entered. Howe's Practice, 531; *Ely* v. *Forward*, above cited. It is only on writ of error, that the original judgment can be reversed, annulled or vacated.

A judgment is valid as against parties and privies until reversed. *Came* v. *Bridgham*, 39 Maine, 35; *Cole* v. *Butler*, 43 Maine, 401; *Atkins* v. *Wyman*, 45 Maine, 339. The judgment, *Bailey Curtis* v. *Bailey Curtis, jr.*, was entered at the March term, 1853, and execution taken out and levied immediately. There had been then no petition for a review. If the judgment was valid, the levy was valid, and vested the premises in Bailey Curtis, subject to the right of Bailey Curtis, jr., or his representatives, to redeem within one year. There having been no redemption, the title became absolute in Bailey Curtis, and could only pass from him by some form of redelivery, such as a deed or levy. If the legal seizin was in him, this action cannot be maintained. *Langdon* v. *Potter*, 3 Mass., 215; *Munroe* v. *Luke*, 1 Met., 459; *Blood* v. *Wood*, 1 Met., 528.

A construction which would vacate the levy, without any reconveyance, would tend to create great confusion with regard to titles. It would also injuriously affect the rights of innocent third parties.

This case comes within one of the exceptions in R. S., 1857, c. 89, § 10. The first judgment is " reduced" by the judgment on the review, from over $1000 to less than nothing.

The opinion of the Court was drawn up by

Davis, J.—This is a writ of entry, by which the demandant seeks to recover possession of a certain tract of land situated in Rumford, in the county of Oxford.

The premises in controversy were formerly owned by Bailey Curtis, who conveyed the same to Bailey Curtis, jr., by his deed dated May 27th, 1850. Afterwards, on the 13th day of December, 1852, Bailey Curtis, the grantor, commenced a suit against Bailey Curtis, jr., the grantee, in which he attached the premises previously conveyed. In that suit he recovered judgment for the sum of $1012,11, and the execution issued thereon was duly levied upon the same premises March 29, 1853. And, on the 17th day of March, 1855, the said Bailey Curtis conveyed the premises, by deed of warranty, to Jeremiah Curtis, the tenant.

In August, 1854, Bailey Curtis, jr., petitioned for a review of the action of Bailey Curtis against himself. A review was granted in 1855, and a new trial was had in November, 1857, resulting in a verdict in favor of the original defendant for a sum equal to the former judgment against him. Supposing that this reversed the former judgment, and rendered the levy void which was made to satisfy it, Bailey Curtis, jr., claimed still to own the premises, and conveyed the same to Ezra Curtis, the demandant, by his deed, dated March 15th, 1858.

A writ of review is not analogous to a writ of error. Upon such a writ, " the former judgment cannot be reversed, in whole, or in part. If the former judgment were wrong, the plaintiff in review will have judgment to recover back the money erroneously recovered in the first suit. If the former

judgment were right, the defendant in review will have judgment for his costs of review, and may execute his former judgment," if it has not been already satisfied. Howe's Practice, 531.

The statutes of this State are not materially different from the former statutes of Massachusetts. The case at bar is within section *ten* of chapter *eighty-nine* of the Revised Statutes of 1857. The judgment of the original plaintiff was reduced the whole amount of it, and judgment rendered for the original defendant for that sum. The statute provides, not that the former judgment shall be reversed, or annulled, but that, " if the former judgment has not been satisfied, one may be set off against the other." In this case the former judgment has been satisfied, in part, by a levy upon the premises sued for. That judgment was not vacated or annulled by the judgment in the action of review. The legality of the levy is not questioned, and, therefore, the tenant obtains a good title from the judgment creditor.

*Demandant nonsuit.*

*Judgment for the tenant.*

TENNEY, C. J., and APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.